UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 26-00143-DSF (DFM) | Date: | January 14, 2026 |
|---|---|---|---|
| Title | Tyler Reed Cossey v. Raul Morales | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Petitioner(s): | | Attorney(s) for Respondent(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Dismissal of Petition

Petitioner Tyler Reed Cossey, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons discussed below, Petitioner is ordered to show cause why the Petition should not be dismissed because it fails to state a cognizable claim on federal habeas review.

I.     BACKGROUND

In 2013, Petitioner pled no contest to six counts of forcible rape and was sentenced to 46 years. See Petition at 1. In October 2024, Petitioner filed a "motion for recall of unlawful sentence," which the trial court denied. See id. at 3, 24. Petitioner's appeal was denied by the California Court of Appeal, see id. at 4, 28-31, and his petition for review was summarily denied by the California Supreme Court, see id. at 4-5, 33.

Petitioner claims that the Superior Court committed plain error when it failed to resentence him under California Penal Code § 1172.1. See Petition at 5. He asserts that CDCR's formal warning system has flagged "multiple violations of California's consecutive sentencing architecture, including that the offense term exceeded the controlling principal." Id. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

## II. DISCUSSION

Federal habeas relief is available to state inmates who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). "A habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process violation.'" Nelson v. Biter, 33 F. Supp. 3d 1173, 1177 (C.D. Cal. 2014) (quoting Richmond v. Lewis, 506 U.S. 40, 50 (1992)).

Assembly Bill No. 600, which took effect on January 1, 2024, amended California Penal Code § 1172.1 "to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when 'applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law.'" People v. Dain, 99 Cal. App. 5th 399, 412 (2024) (quoting Cal. Penal Code § 1172.1 (a)(1), as amended by Stats. 2023, ch. 446, § 2.)) Before that, trial courts lacked authority to do so unless the sentence was unauthorized or the Secretary of CRDR recommended the sentence be recalled. See People v. Codinha, 92 Cal. App. 5th 976, 986-97 (2023).

Petitioner's claim is not cognizable on federal habeas review because it is premised exclusively on an issue of state law—whether the trial court should exercise its discretion under § 1172.1 to recall his sentence and resentence him. See Boone v. Ratliff, No. 24-5665, 2025 WL 756867, at *2 (C.D. Cal. Jan. 16, 2025) (finding that petitioner's challenge to the denial of his petition for recall and resentencing under §§ 1170.18 and 1172.1(a)(1) was not cognizable on federal habeas review); Mills v. Marsh, No. 2:19-05237, 2020 WL 1180433, at *3 (C.D. Cal. Jan. 9, 2020) (same).

That Petitioner alludes to his right to due process is insufficient to transform his state-law claim into a cognizable federal one. See Gray v. Netherland, 518 U.S. 152, 163 (1996) (explaining that petitioner may not convert state-law claim into federal one by making general appeal to constitutional guarantee); see also Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (habeas petitioner's mere reference to Due Process Clause was insufficient to render his claims viable under 14th Amendment). Petitioner's argument that his sentence violates the Sixth Amendment is particularly confusing given that his plea agreed to a specific term and a specific total sentence, which the trial court imposed.

Petitioner, likewise, cannot show that he has a protected liberty interest in being resentenced under § 1172.1. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). A state statute may, however, confer a liberty interest under the Due Process Clause when it places substantive limits on official discretion. See

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Ky. Dep't of Corrs. v. Thompson, 490 U.S. 454, 462 (1989). To give rise to a liberty interest, the statute must contain "'explicitly mandatory language,' i.e., specific directives to the decisionmaker that if the [statute's] substantive predicates are present, a particular outcome must follow." Id. at 463 (quoting Hewitt v. Helms, 459 U.S. 460 (1983)).

The § 1172.1 procedure for resentencing, however, is permissive, not mandatory. It provides that a court may "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." In fact, as noted by the California Court of Appeal in rejecting Petitioner's appeal, "a defendant who chooses to file an unauthorized request for resentencing has no right to a ruling." Petition at 30 (citing People v. Hodge, 107 Cal. App. 5th 985, 992 (2024)). "There is therefore no basis for finding that section 1172.1 gives rise to a liberty interest enforceable as a matter of federal due process." Gooden v. Johnson, No. 24-02648, 2024 WL 2139370, at *3 (C.D. Cal. May 13, 2024).

### III. CONCLUSION

**Accordingly, Petitioner is ORDERED TO SHOW CAUSE in writing within twenty-eight (28) days why the Petition should not be summarily dismissed for failure to allege a cognizable habeas claim.**

Petitioner may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form.

Petitioner is warned that his failure to timely respond to this Order will result in the Court recommending that this action be dismissed with prejudice for some or all of the reasons listed above and for failure to prosecute. See Fed. R. Civ. P. 41(b).